ON MOTION
GAJARSA, Circuit Judge.

ORDER

Raytheon Company moves to redes-ignate the parties so that, for purposes of briefing, the Secretary of Defense is treated as the appellant and Raytheon is treated as the cross-appellant. The Secretary opposes and moves to dismiss Raytheon’s appeal, no. 2008-1542. Raytheon opposes the motion to dismiss and replies concerning the motion to redesignate the parties.
Raytheon filed an appeal with the Armed Services Board of Contract Appeals (ASBCA) challenging the Secretary’s determination that Raytheon failed to comply with certain Cost Accounting Standards (CAS), that such noncompliance caused the government to incur increased costs, and that Raytheon was required to pay interest on the amounts owed. The administrative judge (AJ) granted the Secretary’s motion for summary judgment, ruling that Raytheon had not complied with CAS, that the government incurred increased costs due to Raytheon’s noncompliance, and that Raytheon was required to pay interest, compounded daily. On Ray-theon’s motion for reconsideration, the AJ determined that he had improperly granted summary judgment in the Secretary’s favor. The AJ granted Raytheon’s motion for reconsideration and entered summary judgment in Raytheon’s favor, determining that the Secretary was not entitled to interest. Both Raytheon and the Secretary appealed.
The Secretary argues that the judgment of the ASBCA is in Raytheon’s favor and thus Raytheon cannot appeal. Raytheon contends that the AJ did not explicitly vacate his initial order granting summary judgment in favor of the Secretary and argues that, in the event that the court reverses the grant of summary judgment in Raytheon’s favor, Raytheon wishes to challenge certain rulings contained in the AJ’s first decision. Specifically, Raytheon states that it wishes to be able to challenge the AJ’s determination that interest for CAS noncompliance is compounded daily.
We agree with the Secretary that Raytheon cannot appeal the judgment. In this case, the judgment entered was entirely in Raytheon’s favor. A party may appeal a judgment only if the party “seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment.” Bailey v. Dart Container Corp., 292 F.3d 1360, 1362 (Fed.Cir.2002). In this case, the AJ entered judgment that the Secretary is not entitled to interest. To the extent that Raytheon wishes to *891 present arguments concerning how interest, if allowed, should be calculated, it may do so as an appellee in 2008-1543. Thus, Raytheon’s appeal is dismissed.
Because the court dismisses Raytheon’s appeal, Raytheon’s motion to redesignate the parties is moot.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to dismiss 2008-1542 is granted.
(2) The revised official caption for 2008-1543 is reflected above.
(3) The Secretary’s brief in 2008-1543 is due within 30 days of the date of filing of this order.
(4) Raytheon’s motion to redesignate the parties is denied as moot.
(5) Each side shall bear its own costs for 2008-1542.